# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10CR100-RJC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SYNE LATOYA TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Reopen Detention Hearing" (document #7) filed May 24, 2010 and "Government's Response to Defendant's Motion to Reopen Detention Hearing" (document #8) filed June 3, 2010. The Court **GRANTED** Defendant's Motion to Reopen Detention Hearing and held a hearing on this matter on June 8, 2010.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that Defendant's request for release pending trial should be **DENIED**, as discussed below.

On May 16, 2010, Defendant, a United States citizen and resident of Hyattsville, Maryland, arrived at Charlotte Douglas International Airport from San Jose, Costa Rica. Defendant presented her suitcase to Customs and Border Protection (CBP) for inspection. Upon examination of the suitcase, a CBP officer noticed that the bottom felt unusually thick and that the bag was very heavy. Further examination of the suitcase revealed a false bottom. The suitcase was probed and revealed a white powdery substance which field tested positive for cocaine. Upon removing the false bottom, the CBP officer located a thick plastic lining containing 3.3 kilograms of cocaine.

On May 17, 2010, Defendant made her initial appearance, was appointed counsel and was temporarily detained pending a formal detention hearing. On May 18, 2010, the grand jury returned a Bill of Indictment against Defendant charging her with importation of at least 500 grams of

cocaine, in violation of 18 U.S.C. § 952 and possession with intent to distribute at least 500 grams of cocaine, in violation of 18 U.S.C. § 841. Each charge carries a mandatory minimum sentence of five years and a maximum sentence of forty years.

On May 20, 2010, the Court conducted a detention hearing pursuant to 18 U.S.C. § 3142(f). The Government's proffer was that Defendant's final travel destination was Washington, D.C. She had spent four days in Costa Rica. She appeared nervous and talkative while going through customs. After cocaine was seized from her suitcase, Defendant made statements to the effect that she had delivered money to Costa Rica was being paid in exchange for her travel. The Government represented that Defendant's story about the money changed during the interview. Defendant had also traveled to Aruba during 2009. Based on the foregoing as well as the presumption arising under 18 U.S.C. § 3142(f)(1)(c), the Government argued in favor of detention.

Defense Counsel represented that Defendant has no prior criminal record. She is the single parent of a five year old child and works part-time at an American Legion hall. She lives in Hyattsville, Maryland and has ties to that community. Defense Counsel agreed with Pre-Trial Services' recommendation that conditions could be fashioned to ensure Defendant's appearance, including home detention, electronic monitoring, and surrender of her passport.

After hearing arguments, the Court found that Defendant was unable to overcome the presumption of detention found in 18 U.S.C. § 3142(f)(1)(c) and ordered her detained.

On May 24, 2010, Defendant filed the instant Motion requesting that the detention hearing be reopened and that the Court set conditions of release. The Court **GRANTED** Defendant's Motion to Reopen Detention Hearing and held a hearing on this matter on June 8, 2010.

At the June 8, 2010 hearing, the Court asked the Government and defense counsel what facts had changed since the initial detention hearing that would warrant review of the detention order.

Defense counsel stated that Defendant's home had a telephone line that was suitable for electronic monitoring, and that Pre-Trial Services had been able to verify Defendant's employment and residential history. The Government stated that Defendant's ties to the community where she lives, the fact that she surrendered her passport, and her care and support of a young child ameliorated their concerns. With the exception of defense counsel's representation that Defendant had a telephone line suitable for electronic monitoring, all of these facts were before the Court at the detention hearing.

The Court finds that no new information was presented at this rehearing to show that Defendant has rebutted the presumption of detention. Therefore, the Court will **DENY** Defendant's Motion with regard to issuing an Order granting conditions of release.

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: June 9, 2010

David S. Cayer
United States Magistrate Judge