IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cr100

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | ORDER |
| ) | |
| SYNE LATOYA TAYLOR ) | |
| ) | |

**THIS MATTER** comes before the Court upon the defendant's Appeal of Magistratate's Detention Order, pursuant to 18 U.S.C. § 3145(b). (Doc. No. 9).

I.     BACKGROUND

On May 16, 2010, the defendant was arrested at the Charlotte-Douglas International Airport for allegedly smuggling cocaine into the country, in violation of 21 U.S.C. § 952. (Doc. No. 1: Complaint).  Following a hearing on May 20, 2010, a magistrate judge found that the defendant had not rebutted the presumption of detention applicable to the charge and ordered her detained.[1] (Doc. No. 37: Order).  The defendant asked the magistrate judge to reconsider his ruling (Doc. No. 7: Motion), which the court denied after a hearing.  The instant appeal followed.[2]

II.     STANDARD OF REVIEW

A district court is required to make an independent, de novo determination when acting on a motion to revoke a magistrate judge's pretrial detention order. United States v. Stewart, 19 Fed. Appx. 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir.

---

[1] Although the hearing was not transcribed, the Court has reviewed a recording of the proceedings.

[2] Such an action is properly styled as a motion to revoke detention order. 18 U.S.C. § 3145(b).

1992); United States v. Brooks, 324 F. Supp. 2d 784, 785 (W.D.N.C. 2004). However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989). After conducting its independent review, a district court may explicitly adopt the magistrate judge's order without making duplicate findings, or may state additional reasons supporting pretrial detention. King, 849, F.2d at 490-91.

Accordingly, the Court has reviewed the entire record in this case, including audio recordings of the prior hearings held before the magistrate judge. The Court finds that the defendant has not established the need for an additional evidentiary hearing and that the magistrate judge correctly found that the defendant should be detained pending resolution of her case.

III. DISCUSSION

When a court "finds probable cause to believe that the defendant committed a drug offense for which a maximum penalty of ten years imprisonment or more is prescribed, the court must presume, subject to rebuttal by the defendant, that no combination of conditions upon the defendant's release would reasonably assure the safety of the community and the appearance of the defendant as required. 18 U.S.C. § 3142(e)." United States v. Smith, 79 F.3d 1208, 1209 (D.C. Cir. 1996).[3]

During the second detention hearing, the defendant asserted that she could live with her aunt in Baltimore, Maryland, and that she would submit to electronic monitoring. The government altered its original position on detention and agreed to release with those conditions.

---

[3] The defendant does not assert a lack of probable cause.

The magistrate judge concluded, however, that the defendant's proffer that she could live with her aunt did not amount to a change of circumstances sufficient to alter its detention order. 18 U.S.C. § 3142(f).

In the instant pleading, the defendant seeks reopening of the hearing to present her own testimony regarding the factors courts are to consider under 18 U.S.C. § 3142(g). (Doc. No. 9: Appeal at 3). Such information was known by the defendant at the time of the two previous detention hearings, and she has provided no reason for not introducing such evidence then. Therefore, she has not shown that reopening the hearing is warranted. 18 U.S.C. § 3142(f) (movant must show that information was not known to her at the time of the previous hearing).

Additionally, the defendant again asserts that living with her aunt under electronic monitoring would ameliorate any risk of flight and danger to the community that her release would pose. (Doc. No. 9: Appeal at 7). However, subsequent investigation by the United States Probation Office has shown that the aunt's residence does not have and will not obtain the home telephone service required for electronic monitoring and that the defendant no longer attends to live with her aunt. Accordingly, the defendant has not rebutted the presumption that there are no conditions or combination of conditions that can reasonably assure her appearance and the safety of the community.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's Appeal of Magistrate's Detention Order (Doc. No. 9) is **DENIED**.

Signed: August 20, 2010

Robert J. Conrad, Jr.
Chief United States District Judge